| | | |
|---|---|---|
| MONTREL PRICE, | ) | |
| | ) | |
| *Petitioner*, | ) | Case Nos. 1:25-cv-307, 1:23-cr-67 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| | ) | Magistrate Judge Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Montrel Price's Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 [No. 1:25-cv-307, Doc. 1; 1:23-cr-67, Doc. 46]. For the reasons that follow, the motion [No. 1:25-cv-307, Doc. 1; 1:23-cr-67, Doc. 46] is **DENIED**.

## I. FACTUAL BACKGROUND

On August 22, 2023, Petitioner was indicted on one count of knowingly and intentionally possessing with the intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of NPhenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(A). [Doc. 1].[1]

Pursuant to a written plea agreement [Doc. 22], Petitioner pleaded guilty to a lesser included offense of Count One: Possession with Intent to Distribute 40 Grams or More of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). In his Plea Agreement, Petitioner agreed that each of the following elements of the crime had to be proved beyond a reasonable doubt: (a)

---

[1] Unless otherwise noted, citations are to the record in Petitioner's criminal proceedings, 1:23-cr-67.

the defendant knowingly possessed a controlled substance; (b) the defendant intended to distribute the controlled substance; (c) the controlled substance was fentanyl, a Schedule II controlled substance; and (d) the offense involved 40 grams or more of a mixture and substance containing fentanyl. [*Id.* at ¶ 3].

In support of his guilty plea, Petitioner agreed and stipulated to certain facts. On April 29, 2023, Hamilton County, Tennessee, Sheriff's Deputies were investigating an incident that allegedly involved a car belonging to Petitioner and driven by him earlier that day. [*Id.* at ¶ 4]. As part of the investigation, the car was towed and secured by law enforcement. [*Id.*]. On May 1, 2023, officers executed a search warrant for the vehicle and recovered approximately 503.8 grams of a mixture containing fentanyl, as later confirmed by laboratory testing. [*Id.*]. A subsequent federal court-authorized search of Petitioner's cell phone revealed messages in which Petitioner indicated to others that the police had seized his fentanyl from his car. [*Id.*]. Petitioner agreed that he possessed this fentanyl on April 29, 2023, in the Eastern District of Tennessee, with the intent to distribute it. [*Id.*].

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that a sentence of a term of imprisonment for the lowest number of months of the applicable sentencing guidelines range, as determined by the Court, followed by a lawful term of supervised release, was the appropriate disposition of the case. [*Id.* at ¶ 6]. The Court accepted this agreement and sentenced Petitioner, in accordance with its terms, to 121 months of imprisonment on October 4, 2024. [Doc. 29; Doc. 38 at 2].

In his Plea Agreement, Petitioner agreed not to file any motions pursuant to 28 U.S.C. § 2255, with two exceptions: he retained the right to file a § 2255 motion premised on (i) prosecutorial misconduct and/or (ii) ineffective assistance of counsel. [Doc. 22 at ¶ 10].

## II. STANDARD OF REVIEW

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. ANALYSIS

### a. Petitioner's Arguments

Petitioner first argues that the Court improperly enhanced his sentence based on pending charges of aggravated assault for which he had not been convicted. [No. 1:25-cv-307, Doc. 1 at 13]. Specifically, Petitioner contends that his sentence was enhanced despite the absence of a conviction for the alleged assault conduct and despite his lack of a qualifying violent criminal history. [*Id.*]. Petitioner, therefore, appears to maintain that the 121-month sentence imposed in his case was improperly calculated. [*See id.*].

Petitioner next challenges the validity of the Indictment. [*Id.* at 14]. Petitioner appears to argue the Government lacked sufficient evidence to connect him to the fentanyl underlying Count One. [*See id.*]. Petitioner further contends that the fentanyl was recovered from a vehicle rather than his residence, that the vehicle was not adequately linked to him, and that law enforcement lacked authority to search or seize the vehicle. [*See id.*]. According to Petitioner, because the

3

fentanyl was discovered in a vehicle that was allegedly not shown to belong to him, the Government lacked sufficient evidence to support the charge. [*Id.*].

### b. Petitioner has waived his right to collateral review.

In his Plea Agreement, Petitioner knowingly and voluntarily waived his right to collaterally attack his conviction and sentence on any grounds other than (i) prosecutorial misconduct or (ii) ineffective assistance of counsel. [Doc. 22 at ¶ 10]. "The Sixth Circuit has consistently enforced such waivers." *Brooks v. United States*, No. 2:23-cv-02753-MSN-tmp, 2025 U.S. Dist. LEXIS 19600, at *3 (W.D. Tenn. Feb. 4, 2025) (citing *Portis v. United States*, 33 F.4th 331, 335–39 (6th Cir. 2022)). Likewise, "'it is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement.'" *Cox v. United States* 695 F. App'x 851, 853 (6th Cir. 2017) (internal alternation and quotation marks omitted). For the waiver to be valid, "the defendant must enter into the waiver agreement knowingly, intelligently, and voluntarily." *Davila v. United States*, 258 F. 3d 448, 451 (6th Cir. 2001) (citing *Town of Newton v. Rumery,* 480 U.S. 386, 393 (1987)).

Here, Petitioner does not allege prosecutorial misconduct or ineffective assistance of counsel. [No. 1:25-cv-307, Doc. 1 at 13–14]. Nor does he contend that he entered the waiver agreement unknowingly or involuntarily. [*Id.*]. Rather, he challenges the Court's consideration of a pending assault charge at sentencing, the sufficiency of evidence supporting the Indictment, and the legality of the search that led to the recovery of the fentanyl. [*Id.*]. Because none of these claims fall within the limited exceptions reserved in the Plea Agreement, Petitioner has waived his right to seek collateral review of these claims.

### c. Petitioner's Claims are Procedurally Defaulted

Even if Petitioner's claims were not barred by the collateral-attack waiver contained in his Plea Agreement, they cannot be raised for the first time in a § 2255 motion. "It is well-established that a § 2255 motion is not a substitute for a direct appeal." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)) (internal quotation marks omitted). Accordingly, "[c]laims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Brown v. United States*, No. 4:17-CR-20, 2020 WL 5604037, at *4 (E.D. Tenn. Sept. 18, 2020) (quoting *Ray*, 721 F.3d at 758).

Petitioner did not file a direct appeal from the Judgment entered on October 4, 2024. Nor does he attempt to establish cause for that failure, actual prejudice, or actual innocence. [No. 1:25-cv-307, Doc. 1 at 13–14]. Instead he raises, for the first time, claims concerning the Court's consideration of pending state charges, the sufficiency of the evidence underlying the Indictment, and the legality of the search that led to the recovery of the fentanyl. [*Id.*]. Because Petitioner failed to pursue these claims on direct review and has not established cause and prejudice or actual innocence sufficient to excuse that failure, those claims are procedurally defaulted and cannot be raised for the first time in this § 2255 proceeding. *See Brown*, 2020 WL 5604037, at *4–*7.

### d. Petitioner's Claims Fail on the Merits

Even if Petitioner's claims were properly before the Court, they would fail on the merits. Petitioner first contends that the Court improperly enhanced his sentence based on pending aggravated assault charges for which he had not been convicted. [No. 1:25-cv-307, Doc. 1 at 13].

5

This argument challenges the Court's application of the Sentencing Guidelines and is not cognizable under § 2255.

"While the sentencing guidelines are used as a starting point for determining where within the statutorily-set range a prisoner's sentence should fall, the guidelines themselves are advisory." *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011) (citing *United States v. Booker*, 543 U.S. 220, 246 (2005)). Thus, a challenge to a sentencing court's guidelines calculation "only challenges the legal process used to sentence a defendant and does not raise an argument that the defendant is ineligible for the sentence [he] received." *Id.* In Petitioner's case, while the enhancement may have affected his advisory guidelines range and ultimate sentence, "it did not affect the lawfulness of the [sentence] itself—then or now." *Snyder v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) (quoting *United States v. Addonizio*, 442 U.S. 178, 187 (1979)) (internal quotation marks omitted). Petitioner's "misapplication-of-[the]-advisory-guidelines-range claim is therefore not cognizable under § 2255." *Id.*

Petitioner next argues that the Government lacked sufficient evidence connecting him to the fentanyl recovered from the vehicle and that law enforcement lacked authority to search or seize the vehicle. [No. 1:25-cv-307, Doc. 1 at 14]. Construed liberally, Petitioner further contends that these alleged deficiencies rendered the Indictment improper. [*See id.*]. These arguments fail.

Petitioner pleaded guilty to the offense for which he was convicted. [Doc. 22]. A guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, when a defendant has admitted guilt in open court, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* The Sixth Circuit has likewise recognized that "an unconditional guilty plea constitutes a waiver of all pre-plea, non-jurisdictional

6

claims of constitutional deprivations." *Brown v. United States*, No. 20-6206, 2021 WL 1561481, at *2 (6th Cir. Mar. 31, 2021). Furthermore, "[e]ntry of a voluntary and intelligent plea of guilty precludes a post-judgment challenge to the sufficiency of the evidence." *United States v. Brown*, No. 2:16-CR-36-DLB-HAI, 2020 WL 728742, at *5 (E.D. Ky. Jan. 8, 2020), *report and recommendation adopted*, No. CR 16-36-DLB-HAI, 2020 WL 708448 (E.D. Ky. Feb. 12, 2020). Here, Petitioner challenges the sufficiency of the Government's evidence, the validity of the Indictment, and the legality of the search that preceded his guilty plea. [*See* No. 1:25-cv-307, Doc. 1 at 14]. But Petitioner does not allege the plea was unknowing, involuntary, or otherwise invalid. [*Id.*]. Therefore, his claims provide no basis for collateral relief.

Accordingly, even if Petitioner's claims were not barred by the collateral-attack waiver in his Plea Agreement and procedurally defaulted, they would still fail on the merits.

## IV.  CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [No. 1:25-cv-307, Doc. 1; 1:23-cr-67, Doc. 46] is **DENIED**. A separate judgment order will enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

7